## THOMPSON et al. v. ROWAN DRILLING CO., Inc.

### No. 13890.

United States Court of Appeals
Fifth Circuit.

June 6, 1952.

John J. Watts, Odessa, Tex., James Little, Big Spring, Tex., for appellants.

Curtis White, Dallas, Tex., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant Thompson brought this action against appellee to recover damages for personal injuries sustained by appellant while loading heavy equipment on the truck of his employer, Jim G. Norris Trucking Company, on the premises of Rowan Drilling Company, the appellee. Houston Fire and Casualty Insurance Company, compensation carrier for said trucking company, filed a petition in intervention, asserting its rights as subrogee and asking for judgment in the amount that it had paid to Thompson, said amount to be taken out of any judgment secured by him. The case was tried before a jury; and, at the close of plaintiff's evidence, judgment was rendered on an instructed verdict for appellee.

Jim G. Norris Trucking Company, by whom Thompson was employed as a swamper, had contracted to haul certain oil-rigging equipment for appellee, and Thompson sustained his injuries while loading said equipment. The latter charged in his complaint that appellee was negligent in that it failed to provide him with a safe place to work, employed an incompetent agent to supervise the operation, failed to provide proper lighting, required plaintiff to load the truck in an unsafe manner, and had provided unsafe and improper equipment to be used in loading the truck. He further charged that appellee's agent required him to climb upon the truck at the time and place in question, knowing such act to be dangerous.

The accident occurred at about 11:00 p. m., following a rain that had left the equipment wet and slippery. The only light provided for the operation was from the headlights of an automobile owned by Junior Slay, the trucking company's pusher or foreman. Slay, J. L. Hammer, driver of the truck and employee of the trucking company, and Frank Jester, an employee of appellee, were present at the time of the accident. The truck had been heavily loaded when Jester stated that an 800-pound derrick leg was to be included in the load. Thompson and Hammer complained that it would be dangerous to add it to the already overloaded truck, but addressed their objections to no one in particular. Jester insisted that the derrick leg be included, and Thompson and Hammer proceeded to load the same on the truck by means of hoisting apparatus that was mounted on and operated from another truck, all of which equipment, they testified, was owned and furnished by the trucking company. When the derrick leg had been lifted above the truck body, Thompson climbed upon the truck to direct the placing of the object and to release the line by which it was being held. While so engaged, he slipped and fell, the derrick fell against him, and he was injured.

There is some conflict between the testimony of Thompson and Hammer as to whether the former signalled Hammer, who was operating the hoisting machinery, to slacken the line, or whether the sudden slackening of the line was caused by the slipping of the derrick leg. Thompson testified that he considered Junior Slay to be his immediate supervisor, and that he took his orders from Slay. It is evident, from the testimony of Thompson and Hammer, that Frank Jester's sole duty was to point out what equipment was to be hauled, and that, though he insisted that the derrick leg be included, neither Thompson nor Hammer contended that Jester had the authority to order them to load it. Thompson testified that it was not unusual for him to work at night, as he would ordinarily stay on a job until it was completed.

Appellee based its motion for an instructed verdict on the grounds, among others, that plaintiff was the employee of an independent contractor; that appellee had no control over his activities, and owed him no duty; and that, if appellee's employee told plaintiff to do anything, it was without appellee's authority and plaintiff was under no compulsion to comply therewith. We think the court below was correct in granting appellee's motion for an instructed verdict. Union Tank & Supply Co. v. Kelley, 5 Cir., 167 F.2d 811, certiorari denied 335 U.S. 827, 69 S.Ct. 54, 93 L. Ed. 381; Henger v. Smith, Tex.Civ.App., 222 S.W.2d 423, 426; Humble Oil & Refining Co. v. Bell, Tex.Civ.App., 180 S.W. 2d 970.

The judgment appealed from is affirmed. Affirmed.